"And now at this day, that is to say, on 26 October, until which day the plea aforesaid was continued, comes the said Peterson Brown, by William H. Murfree, his attorney, and the said Robert Teare, by his attorney, William Slade, Esq., and the said Peterson Brown saith that the said Robert Teare ought not to have or maintain in his aforesaid action thereof against him, because he saith that after the last continuance of this cause, to wit, on 20 April, from which day this cause was last continued, and before this day, to wit, on 18 June, 1812, he, the said Robert Teare, became an alien enemy, by virtue of an act of Congress passed on the said 18 June, entitled "An act declaring war between the United Kingdom of Great Britain and Ireland and the (211) dependencies thereof, and the United States of America and their territories," because the said Robert Teare is an alien, born at London, in the United Kingdom of Great Britain and Ireland, in parts beyond the seas, under the allegiance of his Majesty, George III., an enemy of the United States of America and of the State of North Carolina, and to the enemies of the same now adhering; and this the said Peterson Brown is ready to verify. Wherefore, he prays judgment if the said Robert Teare ought further to have or maintain his aforesaid action against him, the said Peterson Brown, etc." *Page 163 
To which the plaintiff replied, and at the succeeding term the jury found against the plea (no other plea being submitted to them). The defendant, to support the plea, gave evidence that the plaintiff was born in England, and came to Virginia subsequent to the peace of 1783. To prove naturalization, the plaintiff gave in evidence the following certificate, viz.:
"At a court held for Nansemond County, 10 July, 1786, Robert Teare, lately from the Kingdom of Great Britain, came into court and took the oath of a citizen and resident of this State, which is ordered to be certified."
STATE OF VIRGINIA,Nansemond County, to wit:
I, John C. Littlepage, clerk of the court for the county aforesaid, do hereby certify that the foregoing is a true copy from the records of my office. In testimony whereof, I have hereunto set my hand and caused the seal of my office to be affixed, this 9 November, 1812, and in the 37th year of the Commonwealth.
(Seal) JOHN C. LITTLEPAGE, Clk.
Nansemond County, to wit:
I, Joseph Riddick, presiding magistrate for the county aforesaid, do hereby certify that John C. Littlepage, whose hand is affixed to the foregoing certificate, is clerk of the court for the county aforesaid, and that due faith and credit ought to be paid to all his acts as such, and that his attestation to the foregoing certificate is in due form (212) of law. JOSIAH RIDDICK.
Certified this 9 November, 1812.
It is submitted to the Supreme Court to determine whether, from the certificate aforesaid, by the laws of Virginia (which by consent are admitted to be referred to in the printed statute book), the plaintiff became naturalized. It is further submitted to the Supreme Court to determine whether the foregoing plea be in abatement or in bar, and if in abatement, whether it was a relinquishment of the former pleas; and for the Supreme Court to determine what course this Court is to pursue.
The case was submitted without argument.
This is a plea of alien enemy, which, from its conclusion, might be called a plea in bar, as it asks the judgment of the court whether the plaintiff ought further to have or maintain his action. An issue being joined on the replication to the plea, the jury found it untrue in point of fact. It is now to be decided whether the plea *Page 164 
amounted to a waiver of the other defenses previously entered, and whether the evidence to disprove the allegation in the plea was properly received.
As to the first question, it is believed to be an established principle that no matter of defense arising after action brought can properly be pleaded in bar of the action generally, but it ought to be pleaded in bar of the further maintenance of the suit; for by thus pleading a collateral thing which happens after the action brought, it is admitted that the action was well brought, but by reason of the new matter the plaintiff ought not further to proceed in it. So that, although the plea in this case begins and concludes as a bar, yet the words "ought further to have or maintain," show it to be a plea puis darrein continuance. Pleas of this description may be either in bar or abatement, according to the fact relied upon (Sys. of Plea, 365); and as the act of 1796 does not distinguish between them, but expressly directs that a plea puis darrein continuance shall not amount to a relinquishment of former (213) pleas, we cannot say that such effect is produced in the present case.
2. As to the proof of naturalization, we think it the best that could have been introduced. The plaintiff was made a citizen in a court of competent jurisdiction, before the adoption of the Constitution, when each state had power to confer such a privilege according to its own conceptions of policy. The subsequent adoption of the Constitution of the United States admitted all the citizens of the respective states to an equal participation of its benefits.
This cause must, therefore, be remanded to be tried upon the pleas originally entered.
NOTE. — Upon the first point, see Morgan v. Cane, 18 N.C. 233, which decides that a plea in abatement since the last continuance necessarily operates a relinquishment of previous pleas in bar, notwithstanding the act of 1796 (1 Rev. Stat., ch. 31, sec. 62).